## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW WHITFIELD, | : |
|     Plaintiff, | : Case No. _____ |
| v. | : JURY TRIAL DEMANDED |
| STAMPS.COM INC., KEN MCBRIDE, MOHAN P. ANANDA, DAVID C. HABIGER, G. BRADFORD JONES, KATIE MAY, and THEODORE R. SAMUELS, | : COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934 |
|     Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

### NATURE OF ACTION

1. On July 8, 2021, Stamps.com Inc. ("Stamps.com" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") with Stream Parent, LLC ("Parent') and Stream Merger Sub, Inc. ("Merger Sub"), affiliates of Thoma Bravo Fund XIV, L.P. (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Stamps.com's stockholders will receive $330.00 in cash per share.

3. On August 30, 2021, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

**JURISDICTION AND VENUE**

5.    This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6.    This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.    Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

**THE PARTIES**

8.    Plaintiff is and has been continuously throughout all relevant times the owner of Stamps.com common stock.

9.    Defendant Stamps.com is a Delaware corporation. Stamps.com's common stock is traded on the NASDAQ under the ticker symbol "STMP."

10.    Defendant Ken McBride is Chief Executive Officer and Chairman of the Board of Directors of Stamps.com (the "Board").

11.    Defendant Mohan P. Ananda is a member of the Board.

12.    Defendant David C. Habiger is a member of the Board.

13.    Defendant G. Bradford Jones is a member of the Board.

14.    Defendant Katie May is a member of the Board.

15.    Defendant Theodore R. Samuels is a member of the Board.

16.     Defendants identified in ¶¶ 10-15 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

17.     Stamps.com is the leading provider of e-commerce shipping software solutions to customers including consumers, small businesses, e-commerce shippers, enterprises, and high-volume shippers.

18.     On July 8, 2021, Stamps.com entered into the Merger Agreement.

19.     The press release announcing the Proposed Merger provides as follows:

Stamps.com® (NASDAQ: STMP) (the "Company"), a leading provider of e-commerce shipping solutions, today announced that it has entered into a definitive agreement to be acquired by Thoma Bravo, a leading software investment firm, in an all-cash transaction that values Stamps.com at approximately $6.6 billion.

Under the terms of the agreement, Stamps.com stockholders will receive $330.00 per share in cash representing a premium of 67 percent over the Company's closing share price on July 8, 2021, the last full trading day prior to the transaction announcement. The premium is 71 percent over the Company's three-month volume-weighted average closing share price through July 8, 2021. Upon completion of the transaction, Stamps.com will become a private company with the flexibility and resources to continue to provide best-in-class global e-commerce technology solutions. Additionally, Stamps.com will benefit from the operating capabilities, capital support and deep sector expertise of Thoma Bravo – one of the most experienced and successful software and technology investors in the world.

"Today's announcement marks a significant milestone in the history of Stamps.com and will provide us with a new and exciting platform from which we can continue to execute our global strategy driven by best-in-class software and technology solutions," said Ken McBride, Stamps.com's Chairman and CEO. "With the financial and operational support of Thoma Bravo, Stamps.com can continue to innovate and pursue growth opportunities to capture the expanding e-commerce shipping market and extend our position as the leading global multi-carrier e-commerce shipping software company. This transaction is a testament to the excellence and hard work of all of our employees and their relentless dedication to our customers and partners throughout the world."

"As the first company to introduce online postage and an early innovator in e-commerce shipping software, Stamps.com has established itself as a key technology solution in worldwide e-commerce," said Holden Spaht, a Managing

Partner at Thoma Bravo. "With a highly-seasoned management team that has driven impressive growth for more than twenty years, an innovative suite of market-leading software solutions, and a large and growing customer base, Stamps.com is well positioned to capitalize on the strong secular tailwinds in e-commerce and we are excited to support the Company in its next chapter of growth."

"We've been tracking the impressive growth of Stamps.com for many years and are excited to partner with the Stamps.com team to support the Company in continuing to drive cutting edge product innovation, expansion into new markets, and delivery of an even greater level of service and support to its impressive customer base," said Brian Jaffee, a Principal at Thoma Bravo. "The e-commerce landscape is rapidly evolving and we look forward to partnering with the Stamps.com team to continue building on the Company's leading position in e-commerce shipping solutions."

Transaction Details

Stamps.com's Board of Directors (the "Board") has unanimously approved the agreement with Thoma Bravo and recommends that Stamps.com stockholders vote in favor of the transaction at the Special Meeting of Stockholders to be called in connection with the transaction.

The agreement includes a 40-day "go-shop" period expiring August 18, 2021 which allows the Board and its advisors to actively initiate, solicit and consider alternative acquisition proposals from third parties. The Board will have the right to terminate the merger agreement to enter into a superior proposal subject to the terms and conditions of the merger agreement. There can be no assurance that this "go-shop" will result in a superior proposal, and Stamps.com does not intend to disclose developments with respect to the solicitation process unless and until it determines such disclosure is appropriate or otherwise required.

The transaction is expected to close in the third quarter of 2021, subject to customary closing conditions, including approval by Stamps.com stockholders and receipt of regulatory approvals. Upon closing of the transaction, the Company's common stock will no longer be listed on any public market. The Company will continue to be headquartered in El Segundo, California.

Advisors

J.P. Morgan Securities LLC is acting as exclusive financial advisor to Stamps.com and Proskauer Rose LLP is acting as its legal counsel. Debt financing for the transaction is being provided by Blackstone Credit, credit funds managed by Ares Management Corporation, PSP Investments Credit II USA LLC and Thoma Bravo Credit. Kirkland & Ellis LLP is serving as legal advisor for Thoma Bravo.

20. On August 30, 2021, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

### Financial Projections

21. The Proxy fails to disclose material information regarding Stamps.com's financial projections. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

22. The Proxy fails to disclose the line items used to calculate the projections.

### Financial Analyses

23. The Proxy fails to disclose material information regarding the financial analyses conducted by J.P. Morgan Securities LLC ("J.P. Morgan"). When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

24. Regarding J.P. Morgan's Discounted Cash Flow Analysis, the Proxy fails to disclose: (i) the terminal values; and (ii) the inputs and assumptions underlying the discount rates and perpetuity growth rates utilized by J.P. Morgan in the analysis.

25. Regarding J.P. Morgan's Analyst Price Targets analysis, the Proxy fails to disclose: (i) the price targets observed by J.P. Morgan in the analysis; and (ii) the sources of the price targets.

### Background of the Proposed Merger

26. The Proxy also fails to disclose the timing and details of the prior and current services J.P. Morgan provided and is providing to Thoma Bravo as well as its affiliates.

# COUNT I

**Claim Against the Individual Defendants and Stamps.com for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

27. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

28. The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

29. Stamps.com is liable as the issuer of these statements.

30. The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

31. The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

32. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

33. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

34. The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

35. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

36. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

37. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

38. The Individual Defendants acted as controlling persons of Stamps.com within the meaning of Section 20(a) of the Exchange Act as alleged herein.

39. Due to their positions as officers and/or directors of Stamps.com and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

40. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

41. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

42. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the Proxy.

43. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

44. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

45. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

46. Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: September 15, 2021          **GRABAR LAW OFFICE**

By: _____
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*